AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

**SEALED**

for the

District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Aug 26, 2025 10:04 AM**
Lucy H.Carrillo, Clerk of Court

**BY ORDER OF THE COURT**

United States of America

v.

EDDIE NAVARRO

_____
*Defendant(s)*

)
)
)
)
)
)
)

Case No.  MJ 25-01120-WRP

**FILED UNDER SEAL PURSUANT TO CRIMLR5.2(a)(1)**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____August 9, 2023_____ in the county of _____Honolulu_____ in the

District of _____Hawaii_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(8) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

See affidavit of DEA Special Agent Carlos A. Mena.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Carlos A. Mena, DEA Special Agent
_____
*Printed name and title*

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date:  ___ August 26, 2025 ___

City and state:  _____Honolulu, Hawaii_____



Wes Reber Porter
United States Magistrate Judge

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

AISLINN K. AFFINITO
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541 2850
Facsimile:  (808) 541-2958
Email:        Aislinn.Affinito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. MJ25-01120-WRP |
| ) | |
| Plaintiff, ) | AFFIDAVIT IN SUPPORT OF |
| ) | CRIMINAL COMPLAINT |
| v. ) | |
| ) | |
| EDDIE NAVARRO, ) | **Filed Under Seal** |
| ) | |
| Defendant. ) | |
| ) | |

## **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Carlos A. Mena, being duly sworn telephonically, state the

following is true and correct to the best of my knowledge and belief:

1

## INTRODUCTION

1.     This affidavit is submitted for the purpose of establishing probable cause that on or about August 9, 2023, within the District of Hawaii, EDDIE NAVARRO ("the Defendant") committed the offense of Felon in Possession of Ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

2.     I am a Special Agent with the U.S. Drug Enforcement Administration (DEA), and have been since September 2024.  I am an investigative officer within the meaning of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21 of the United States Code. I am currently assigned to the DEA's Honolulu District Office, but was previously assigned to the DEA's Kansas City District Office. Prior to this, I completed seventeen (17) weeks of training at the DEA Academy in Quantico, Virginia. Before becoming a Special Agent with the DEA, I graduated from the University of Kansas in 2011 with a Bachelor's Degree. That same year in 2011, I became a police officer with the Kansas City, Kansas Police Department (KCKPD). In July of 2019, I transferred to the Kansas City, Missouri Police Department (KCPD) where I was employed as a police officer until I accepted a position with DEA.  During my tenure with both

KCKPD and KCPD, I was involved in an array of investigation types ranging from violent crime, property crimes, organized gang crimes, and drug trafficking crimes.

3.     In connection with my official DEA duties, I investigate criminal violations of federal drug laws and related offenses—including violations of Title 21, United States Code, 801 et seq., and the Federal Controlled Substance Act.  I am familiar with and have used many of the traditional methods of investigation, including, visual surveillance, informant and witness interviews, defendant debriefings, undercover operations, and the seizure of drug evidence.  My training and experience as a Special Agent and DEA employee, my participation in a multitude of investigations, and my interactions with other agents, as well as with other state and local law enforcement officers familiar with drug investigations, form the basis of the opinions and conclusions set forth below, which I have drawn from the facts set forth herein.

4.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and federal agents. This affidavit is intended to show merely that there is sufficient probable cause for the offenses in the requested Complaint and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

5.     On August 9, 2023, investigators with the DEA applied for a search

warrant authorizing the search of 475 Atkinson Place, #1108, Honolulu, Hawaii, which was granted by the Honorable U.S. Magistrate Judge Rom A. Trader, under Case No. MJ23-01218 RT. Later that day, law enforcement executed the aforementioned search warrant, at which time they located EDDIE NAVARRO and WITNEY AIONA inside the residence. Law enforcement subsequently detained both parties and began searching the residence for controlled substances.

6.    During the execution of the warrant, law enforcement discovered a small, tan bag on the counter in the kitchen that contained a handgun. The handgun was a privately-manufactured firearm—more commonly referred to as a "ghost gun."[1] The handgun contained a standard-capacity magazine loaded with four bullets. In addition to the handgun, a wallet was located inside the bag. Inside the wallet was a credit card that contained NAVARRO's name. Photographs of the above-referenced bag containing the handgun, ammunition, wallet, and credit card are below:

---

[1]    "Ghost guns" are commonly used by felons because they do not contain a serial number, and thus are not sold through traditional gun distribution channels.





7.    In addition to the aforementioned items located inside the bag, approximately $7,000 in U.S. currency was located within the same bag. The U.S. currency was stored as large wads of cash held together with rubber bands. Based on my training and experience, I know this to be consistent with how drug dealers store drug proceeds.

5

8.      While law enforcement continued to search the residence,

NAVARRO spontaneously uttered that the firearm belonged to him. At the

conclusion of the search warrant, law enforcement advised NAVARRO that he

was under arrest for being a felon in possession of ammunition. Law enforcement

proceeded to advise NAVARRO of his *Miranda Rights*, to which he stated he

understood and wished to speak with law enforcement further. Law enforcement

asked NAVARRO about the handgun and whether he was the owner of it, at which

time he reaffirmed he was. Additionally, NAVARRO stated he possessed the

firearm for the purpose of protection, and further stated it was "stupid" of him to

do so considering he only had four bullets.

9.      Additionally, the above-described ammunition was reviewed by

Special Agent Joe Villagomez with the Bureau of Alcohol, Tobacco, Firearms and

Explosives ("ATF"). SA Villagomez confirmed the ammunition was not

manufactured in Hawaii, and thus necessarily traveled through interstate and/or

foreign commerce prior to being possessed in the State of Hawaii.

## **EDDIE NAVARRO Criminal History**

10.     I have reviewed NAVARRO's criminal history, and upon doing so I

have learned he was previously convicted in October of 2013 of Burglary in the 1st

Degree in the State of California, and was sentenced to two years imprisonment.

Consequently, NAVARRO is a convicted felon having been previously convicted

of at least one felony offense punishable by imprisonment for a term exceeding one year, and therefore is prohibited from possessing ammunition.

11.    Consequently, NAVARRO was a convicted felon at the time of his possession of the above-described ammunition.

## **CONCLUSION**

Based on the foregoing, I believe there was probable cause to arrest EDDIE NAVARRO for the violations of federal law set forth above.

DATED: Honolulu, Hawaii, August  26 , 2025.

Respectfully submitted,

_____
Carlos A. Mena
Special Agent
Drug Enforcement Administration

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probably cause to believe that the defendant above-named committed the charged crime(s) found to exist by the undersigned Judicial Officer at  XXXXXXXX on August  26 , 2025, at Honolulu, Hawaii.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Federal Rule of Criminal Procedure 4.1(b)(2), on this 26th day of August, 2025, in Honolulu, Hawaii.



_____
Wes Reber Porter
United States Magistrate Judge